NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MANUEL REYNA-NAVA, AKA Manuel Nava Reyna, | No. 16-70087 |
| Petitioner, | Agency No. A075-268-158 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 17, 2022
San Francisco, California

Before: W. FLETCHER, GOULD, and COLLINS, Circuit Judges.

Manual Reyna Nava ("Reyna"), a citizen of Mexico, petitions for review of

a decision of the Board of Immigration Appeals ("BIA") upholding the order of an

Immigration Judge ("IJ") denying his application for deferral of removal under the

Convention Against Torture. We have jurisdiction under § 242 of the Immigration

and Nationality Act, 8 U.S.C. § 1252. We review legal questions *de novo* and the

agency's factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).  We deny the petition for review.

1.  We reject Reyna's contention that the BIA applied the wrong standard of review.  The BIA stated that it found "no *legal error* in the Immigration Judge's conclusion that [Reyna] has not satisfied his burden of demonstrating that he would more likely than not face torture upon removal to Mexico" and that it found no "*clear error* in the *factual findings* supporting that determination" (emphasis added).  Viewed in that context, the BIA's subsequent statement that "the 'clearly erroneous' standard of review precludes" the BIA from reversing the IJ "simply because it is convinced that the case could have been decided differently, or the evidence weighed differently," refers only to the IJ's *factual* findings, and not to any legal determinations in assessing Reyna's request for relief.

2.  Substantial evidence supports the agency's finding that Reyna had failed to show that he would more likely than not be tortured in Mexico.  *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc).  Reyna acknowledged that the last threat directed at him was in 2006—eight years before the IJ's decision.  All of the threats against him occurred in the United States, not in Mexico.  The shooting incidents in Mexico in 2006 and 2012 involved only Reyna's father, who was not physically harmed.  Even if the shooting incidents caused Reyna's father mental harm, that does not compel the conclusion that the harm rose to the level of torture or signified that Reyna would face torture upon return to Mexico.  On this

record, we cannot say that "any reasonable adjudicator would be compelled to conclude" that Reyna would be tortured in Mexico.  8 U.S.C. § 1252(b)(4)(B).

3.  Because the agency permissibly found that Reyna had simply failed to show that it was more likely than not that he would be tortured in Mexico, we need not address the issue of Reyna's ability to relocate within Mexico.

**PETITION DENIED.**